IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Richard Adron Smith** | ) | Case No. 21-30592 |
| | ) | |
| Debtor. | ) | |

## TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY

Cole Hayes, Trustee for the estate of the above captioned Chapter 7 bankruptcy (the "Trustee"), objects to the *Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection* [Doc. 15] (the "Motion") filed by Select Portfolio Servicing, Inc. as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-1 ("Creditor"). For the following reasons, the Motion should be denied:

1. In the Motion, Creditor asserts that the stay should be lifted so that it may pursue a foreclosure action against real property located at 419 S. Spencer Drive in Spencer, North Carolina 28144 (the "Property").

2. The Property is property of the bankruptcy estate.

3. Creditor states that it is owed $72,311.88 on a debt secured by the Property. [Motion at ¶ 7].

4. A search on www.google.com returned multiple websites listing the value of the Property to be in excess of $124,000.00. The opinion of the Trustee's realtor based on a CMA analysis is consistent with the values readily available to the public on the internet.

5. Meaning, Creditor is likely protected by an equity cushion of at least $51,000.00.

6. Nonetheless, the Creditor states that cause exists to lift the automatic stay because the "Debtor is surrendering the Property, there is no equity in the Property, and it not necessary for an effective reorganization." [Motion at ¶ 10].

7. "[A]n equity cushion is a common form of adequate protection for a secured debt. An equity cushion exists if the value of the collateral available to the creditor exceeds by a comfortable margin the amount of the creditor's claim." 3 COLLIER ON BANKRUPTCY ¶ 362.07 (16th Ed. 2020).

8. Given the equity cushion in the Property, Creditor is adequately protected, and the Motion should be denied so that the Trustee may market and liquidate the Property, pay Creditor in full, and make a distribution to unsecured creditors.

Wherefore, the Trustee requests the Court conduct a hearing on the Motion, that said hearing be a preliminary hearing, that the Motion be denied, and that the costs of defending the Motion be taxed to Creditor.

Dated: Charlotte, North Carolina
November 30, 2021

*/s/ Cole Hayes*
Cole Hayes (Bar No. 44443)
601 S. Kings Drive
Suite F PMB #411
Charlotte, NC 28204
704-490-4247
cole@colehayeslaw.com